1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7     ROGER SAULN,                                Case No. 2:2-CV-497 JCM (DJA)

8                             Plaintiff(s),                    ORDER

9            v.

10    PODS ENTERPRISES, LLC,

11                            Defendant(s).

12

13           Presently before the court is defendant PODS Enterprises, LLC's ("PODS") motion for

14    summary judgment.  (ECF No. 21).  Plaintiff Roger Sauln filed a response (ECF No. 27), to which

15    PODS replied (ECF No. 31).  The court GRANTS PODS's motion for summary judgment.

16    **I.      Background**

17           This case is about alleged disability and employment discrimination.  There is no genuine

18    dispute over the following facts.  Plaintiff was a sales consultant at PODS from April 2, 2018, to

19    February 4, 2019, when he was fired.  (ECF No. 21 at 3, 6–7).  Plaintiff filed this suit in 2022

20    alleging gender discrimination under Title VII, disability discrimination under the Americans with

21    Disabilities Act ("ADA"), and age discrimination under 29 U.S.C. § 623.  (ECF No. 1).

22           PODS requires its sales consultants to meet monthly sales quotas, which plaintiff failed to

23    do for the six months preceding his termination.  (ECF No. 7 at 6–7).  In October of 2018, plaintiff

24    was verbally warned about his failure to follow company procedures during sales calls.[1]  (*Id.* at 5).

25    In December of 2018, plaintiff was placed on a "performance improvement plan" ("PIP") after

26

27    _____

28           [1] Though plaintiff claims that his manager's comments to him in this regard did not rise
      "to the level of a warning," he does not dispute the fact a conversation occurred.  (ECF No. 27 at
      12).

**James C. Mahan**
**U.S. District Judge**

1   consistently failing to meet his required sales quota.  (*Id.*).  The PIP included additional coaching,

2   monitoring plaintiff's sales calls, and providing verbal feedback.  (*Id.* at 5–6).   After his

3   performance did not improve, PODS finally terminated plaintiff's employment on February 4,

4   2019.  (*Id.* at 6–7).

5       It is also undisputed that plaintiff contracted laryngitis and took approximately a week and

6   a half off from work sometime in late November or early December.  (ECF No. 22 at 117–118).

7   This bout of sickness forms the basis for plaintiff's ADA claim.

8   **II.     Legal Standard**

9       The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

10  depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any),

11  show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

12  as a matter of law."  Fed. R. Civ. P. 56(a).   Information may be considered at the summary

13  judgment stage if it would be admissible at trial.  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir.

14  2003) (citing Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001).  A principal

15  purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex*

16  *Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In judging evidence at the summary judgment

17  stage, the court does not make credibility determinations or weigh conflicting evidence.  Rather,

18  it draws all inferences in the light most favorable to the nonmoving party.  *See T.W. Electric*

19  *Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

20      When, as is the case here, the non-moving party bears the burden of proof at trial, the

21  moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence

22  to negate an essential element of the non-moving party's case; or (2) by demonstrating that the

23  non-moving party failed to make a showing sufficient to establish an element essential to that

24  party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S.

25  at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied,

26  and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress &*

27  *Co.*, 398 U.S. 144, 159–60 (1970).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    If the moving party satisfies its initial burden, the burden then shifts to the opposing party

2  to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith*

3  *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the

4  opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient

5  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6  versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,

7  630 (9th Cir. 1987).  However, the nonmoving party cannot avoid summary judgment by relying

8  solely on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d

9  1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations

10  of the pleadings and set forth specific facts by producing competent evidence that shows a genuine

11  issue for trial.  *See Celotex*, 477 U.S. at 324.  If the nonmoving party's evidence is merely colorable

12  or is not significantly probative, summary judgment may be granted.  *Anderson v. Liberty Lobby,*

13  *Inc.*, 477 U.S. 242, 249–50 (1986).

14  **III.    Discussion**

15    Plaintiff did not oppose summary judgment as to his age discrimination claim, stating that

16  he "dismisses" this claim.  (ECF No. 27 at 11).  Summary judgment in favor of PODS is therefore

17  granted as to this claim.  The court next addresses plaintiff's Title VII and ADA claims.

18    A.  Title VII Claim

19    The court uses the *McDonnell Douglas* burden-shifting framework when evaluating Title

20  VII sex discrimination claims.  *Hawn v. Executive Jet Mgmt*., *Inc.*, 615 F.3d 1151, 1156 (9th Cir.

21  2010); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir. 2006).

22  Under this analysis, plaintiffs must first establish a prima facie case of employment discrimination.

23  *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007).  To establish a prima facie claim of

24  discrimination, a plaintiff must present evidence giving rise to the inference that (1) he is a member

25  of a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment

26  action; and (4) the employer treated him differently than similarly situated individuals who do not

27  belong to the same protected class.  *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

28

**James C. Mahan**
**U.S. District Judge**

1    If plaintiff establishes a *prima facie* case, "the burden of production, but not persuasion,

2    then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the

3    challenged action."  *Hawn*, 615 F.3d at 1156.  If defendant meets this burden, plaintiff must then

4    raise a triable issue of material fact as to whether the defendant's proffered reasons for their

5    terminations are mere pretext for unlawful discrimination.  *Noyes*, 488 F.3d at 1168.  Pretext may

6    be shown either indirectly, by showing the employer's proffered explanation is unworthy of

7    credence because it is internally inconsistent or otherwise not believable, or directly, by showing

8    that unlawful discrimination more likely motivated the employer.  *Lyons v. England*, 307 F.3d

9    1092, 1113 (9th Cir. 2002).  Circumstantial evidence must be specific and substantial.  *Id.*

10   PODS has demonstrated that plaintiff cannot make a showing sufficient to establish

11   elements two and four of *McDonnell Douglas*, and plaintiff does not demonstrate a genuine issue

12   of material fact in opposition.  Plaintiff does not dispute that PODS has a mandatory sales quota

13   for all sales consultants; he does not dispute that he was made aware of this sales quota during

14   training; he does not dispute that he failed to meet PODS's required sales quotas for six consecutive

15   months; he does not dispute that PODS put him on the PIP and provided him with additional

16   coaching prior to firing him;[2] and he admits to not following company procedure on sales calls in

17   at least three instances.[3]  (ECF No. 27).  It is therefore undisputed that plaintiff was not performing

18   his job satisfactorily when he was fired.

19   Plaintiff attempts to circumvent this defect in his Title VII claim by asserting that similarly

20   underperforming female employees were not fired and were given more time than him to bring up

21   their sales numbers.  But plaintiff provides the court with no evidence to support this assertion

22   aside from unspecific and conclusory statements in his declaration.[4]  Plaintiff declares that

23   "similarly situated female employees were provided regular coaching, and . . . supervisors closed

24   _____

25   [2] Though plaintiff disputes the *extent* of additional coaching he was provided, he does admit
     that *some* coaching occurred.  (ECF No. 27 at 14).

26

27   [3] Plaintiff made sarcastic remarks on sales calls "at least twice" and failed to ask for a sale
     at the end of a call, "once or twice." (Pl.'s Dep., ECF No. 22 at 122–123).

28   [4] Indeed, plaintiff's own declaration is the *only* evidence he provides in support of his
     response to PODS's summary judgment motion.

**James C. Mahan**
**U.S. District Judge**

1    sales for one of them to increase that woman's sales numbers." (ECF No. 27 at 123).  Yet, during

2    his deposition, plaintiff admitted that he does not know whether these other female employees

3    were on a PIP, whether they brought up their sales numbers while on PIP, the amount of time they

4    were given to bring up their sales numbers, or whether they were actually fired.  (Pl.'s Dep., ECF

5    No. 22 at 129–134).  While the court does not weigh conflicting evidence at the summary judgment

6    stage, "the general rule is that 'a party cannot create an issue of fact by an affidavit contradicting

7    his prior deposition testimony.'"  *Nelson v. City of Davis*, 571 F.3d 924, 927 (9th Cir.2009)

8    (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)).  The rationale for

9    this "sham affidavit" rule is that "a party ought not to be allowed to manufacture a bogus dispute

10   with himself to defeat summary judgment."  *Nelson*, 571 F.3d at 928.  Plaintiff has not met his

11   burden of establishing a prima facie case for sex discrimination, and there is no triable issue of

12   material fact.  The court grants PODS's summary judgment motion as to this claim.

13       B.  ADA Claim

14       The ADA prevents covered entities from discriminating against qualified individuals on

15   the basis of disability when making discharge decisions.  42 U.S.C. § 12112(a).  "To set forth a

16   prima facie disability discrimination claim, a plaintiff must establish that: (1) he is disabled within

17   the meaning of the ADA; (2) he is qualified (i.e., able to perform the essential functions of the job

18   with or without reasonable accommodation); and (3) the employer terminated him because of his

19   disability."  *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018).  The *McDonnell*

20   *Douglas* burden-shifting framework outlined previously also applies to ADA discrimination

21   claims.  *See Samper v. Providence St. Vincent Med Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012);

22   *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (per curiam).  If a plaintiff establishes a

23   prima facie case, the burden shifts to the employer to demonstrate a "legitimate, nondiscriminatory

24   reason" for the adverse employment action.  *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080,

25   1093 (9th Cir. 2001).

26       While PODS has provided a legitimate, nondiscriminatory reason for firing plaintiff

27   (plaintiff was not meeting his sales goals), plaintiff does not provide any evidence that PODS fired

28   him due to a disability or that he was able to perform the essential functions of the job with or

**James C. Mahan**
**U.S. District Judge**

1  without reasonable accommodation.  Plaintiff's disability claim is founded in a brief bout of

2  laryngitis that affected his ability to speak.  Even if the court assumes that plaintiff's laryngitis

3  qualifies as a disability under the ADA, it is undisputed that the laryngitis only affected plaintiff's

4  ability to make sales calls for approximately a week and a half in late November or early

5  December.  (Pl.'s Dep., ECF No. 22 at 116–17).  At that point, plaintiff had already missed his

6  sales quota for several months while *not* suffering from a disability.  Plaintiff was even given

7  additional coaching after his return to work, as part of the PIP, and was not fired until the following

8  February.  By the time plaintiff was fired, he had failed to meet his sales quota for six consecutive

9  months.  Plaintiff additionally fails to cite legal authority or explain how his requested

10  accommodation (work absences) was reasonable.

11  Plaintiff asks this court to hold that there is a factual dispute regarding the causal

12  connection between his laryngitis and eventual termination yet provides no evidence in support of

13  this request.  This court will not find a dispute of fact when the party carrying the burden of proof

14  at trial provides as evidence nothing but his own conclusory and speculative testimony.  *Davidson

15  v. Apple, Inc.*, No. 16-CV-04942-LHK, 2019 WL 917060, at \*11 (N.D. Cal. Feb. 25, 2019)

16  (explaining that if there is evidence underpinning a conclusory statement, the party opposing

17  summary judgment should "come forward with it" (quoting *Thornhill Pub. Co., Inc. v. GTE Corp.*,

18  594 F.2d 730, 738 (9th Cir.1979)).

19  **IV.  Conclusion**

20  Accordingly,

21  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that PODS's motion for

22  summary judgment (ECF No. 21) is GRANTED.

23  The clerk is instructed to enter judgment in favor of PODS and close the case.

24  DATED September 5, 2023.

25  _____
UNITED STATES DISTRICT JUDGE

26

27

28

**James C. Mahan
U.S. District Judge**

- 6 -